UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES R. TABB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-220-JD-RBC |
| | ) | |
| BF GOODRICH TIRE | ) | |
| MANUFACTURING PLANT, a/k/a BF | ) | |
| GOODRICH, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant BF Goodrich Tire Manufacturing Plant's Motion for Partial Judgment on the Pleadings [DE 13] filed on August 6, 2012. Plaintiff James Tabb, Jr., by counsel, did not file a response to the motion. For the following reasons, Defendant's Motion for Partial Judgment on the Pleadings is hereby **GRANTED**.

## I. BACKGROUND

On April 23, 2012, Mr. Tabb filed a complaint against "Goodrich Corporation" in the Allen Superior Court [DE 1]. The Complaint alleged race discrimination under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended. *Id*. On June 5, 2012, Mr. Tabb filed an amended complaint only to change the Defendant's name to "BF Goodrich Tire Manufacturing Plant" [DE 2]. On June 29, 2012, BF Goodrich filed its Notice of Removal to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441(a)-(c), and 1446 [DE 3]. On August 6, 2012, BF Goodrich filed its answer and affirmative defenses [DE 12], along with its Motion for Partial Judgment on the Pleadings [DE 13]. The matter is ripe for ruling.

## II. STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings permits a party to move for judgment after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Therefore, the court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the non-moving party, *Matrix IV, Inc. v. Am. Nat.'l Bank and Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011), but to survive the motion, the complaint must contain enough facts to state a claim for relief that is plausible on its face. *Brooks v. Ross*, 578 F.3d 574, 580-81 (7th Cir. 2009) (relying on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *see McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011) (explaining that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action supported by mere conclusory statements. *Id*. at 616.

Additionally, Rule 10(c) describes the type of materials that can be considered to be part of a pleading:

> A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Fed. R. Civ. P. 10(c). This means that a court can consider for purposes of a Rule 12(c) motion, documents that are referred to in the pleadings and are central to the plaintiff's claims. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *see Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004) (dismissal on the basis of facts in a written instrument attached as an exhibit to a pleading is proper only if the plaintiff relies upon it to form the basis of his claim or part of a

claim). Further, when the complaint itself contains everything needed to show that the defendant must prevail on an affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c). *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011) (citing *Brooks,* 578 F.3d at 579) (ruling on a motion to dismiss which raised the affirmative defense based on the statute of limitations where the relevant dates were unambiguously set forth in the complaint)); *see Thompson v. Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) (where a plaintiff attaches documents and relies upon the documents to form the basis for a claim, dismissal is appropriate if the document negates the claim).

Because Mr. Tabb's amended complaint "incorporate[d]" his Charge of Discrimination (No. 24D-2012-00025) and intended to attach a copy of it, along with a copy of his right to sue letter (to show that the lawsuit was brought within ninety days after his receipt of the letter) [DE 2 at ¶ 4(a)], the Court may properly consider these documents in ruling on the motion.[1]

### III. FACTS

Mr. Tabb is African American [DE 2 at ¶ 1]. He worked for BF Goodrich from July 18, 2005 until he was terminated on December 8, 2010[2] [DE 2 at ¶ 4; DE 14-1 at 2]. On or about November 13, 2010, Mr. Tabb argued and got into a fight with a Caucasian co-worker nicknamed "Rambo" [DE 2 at ¶ 4(b); DE 14-1 at 2]. "Rambo," who has an "extremely short temper and medical issues," initiated the altercation and "chest-bumped," "got into the face of," and "spit into the Plaintiff's face" [DE 2 at ¶ 4(c)]. On November 15, 2010, Mr. Tabb was

---

[1] In reality, Mr. Tabb failed to attach the exhibits identified in his amended complaint as being attached [DE 2]; however, BG Goodrich supplied the documents in support of its motion [DE 14-1; DE 14-2].

[2] In his first amended complaint, Mr. Tabb alleges that he was terminated on December 3, 2010 [DE 2 at ¶ 4(c)] and on December 8, 2010 [DE 2 at ¶ 4].

placed on suspension pending an investigation, and was subsequently terminated in early December [DE 2 at ¶ 4(c); DE 14-1 at 2]. Mr. Tabb's co-worker, Rambo, was not terminated. *Id.*

On October 11, 2011, Mr. Tabb filed a Charge of Discrimination with the EEOC against BF Goodrich [DE 2 at ¶¶ 1, 4(a); DE 14-1 at 2]. On January 25, 2012, Mr. Tabb received a Dismissal and Notice of Right to Sue letter, which indicated that the EEOC was closing its file on Mr. Tabb's charge because it was not timely filed with the EEOC [DE 2, ¶ 4(a); DE 14-2, Exhibit B].

## IV. DISCUSSION

Indiana is a "deferral state," meaning it has state agencies with enforcement powers parallel to those of the EEOC, as evidenced by the City of Fort Wayne Metro Human Relations Commission's handling of Mr. Tabb's initial Charge of Discrimination in this case. Thus, Mr. Tabb had 300 days from the date of his termination to file a charge alleging a Title VII violation. *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009); *see also* 29 C.F.R. § 1601.80.[3] The Court assumes (in his favor) that Mr. Tabb was terminated on the latest date alleged, December 8, 2010, and it is undisputed that he filed his EEOC charge on October 11, 2011, 307 days later. His charge needed to be filed by October 4, 2011. In fact, the EEOC dismissed the Title VII claim on January 25, 2012 because it was untimely—although this does not influence the Court's determination.

---

[3]The court notes that our circuit's case law on the Title VII filing deadline for Indiana is, to some extent, in conflict. *See, e.g., Chaudhry v. Nucor Steel-Ind.*, 546 F.3d 832, 836 (7th Cir. 2008) ("[An EEOC] charge must be filed within 300 days after the alleged unlawful employment practice occurred or else the employee may not challenge the practice in court"); *but see Williamson v. Ind. Univ.*, 345 F.3d 459, 463 (7th Cir. 2003) ("A claimant may file a charge of discrimination with the EEOC within a 180-day window permitted under Title VII"). But the distinction makes no difference in this case; more than 300 days is too long under either rule.

The amended complaint incorporates by reference Mr. Tabb's Charge of Discrimination and Dismissal and Notice of Right to sue letter. Thus, these documents are referred to in the pleadings and are central to Mr. Tabb's claims. Further, the amended complaint itself contains all the relevant dates needed to show that BF Goodrich must prevail on the affirmative defense that the Title VII claim is time barred, without resorting to the EEOC charge or right to sue letter. Mr. Tabb did not respond to BF Goodrich's statute of limitations argument, perhaps implicitly conceding that the argument is a sound one. Nor has any basis for tolling the time period been presented by defense counsel. The Court finds that given the dates evidenced in the complaint and the documents incorporated therein, Mr. Tabb failed to timely file his Charge of Discrimination with the EEOC relative to his Title VII race discrimination claim.

Mr. Tabb has also made a claim under 42 U.S.C. § 1981. BF Goodrich did not move to dismiss the claim as untimely. This is likely because claims arising under the amendment to § 1981 contained in the 1991 Act are subject to a 4-year statute of limitations and do not require exhaustion of administrative remedies. 28 U.S.C. § 1658; *Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004); *Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012); *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007).

## V. CONCLUSION

For the reasons stated herein, Defendant's Motion for Partial Judgment on the Pleadings [DE 13] is **GRANTED** and Plaintiff's Title VII claim is **DISMISSED WITH PREJUDICE**. The claim alleged pursuant to 42 U.S.C. § 1981 remains pending.

SO ORDERED.

ENTERED: November 20, 2012

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court